UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FRIENDS OF THE FRANK J. WOOD BRIDGE, )
NATIONAL TRUST FOR HISTORIC )
PRESERVATION IN THE UNITED STATES, )
and THE HISTORIC BRIDGE FOUNDATION, )
)
     Plaintiffs )
)
  v. ) Civil Action No. 2:19-cv-408-LEW
)
ELAINE CHAO, SECRETARY OF THE U.S. )
DEPARTMENT OF TRANSPORTATION, )
)
NICOLE R. HASEN, ADMINISTRATOR OF )
THE FEDERAL HIGHWAY )
ADMINISTRATION, )
)
TODD JORGENSEN, ADMINISTRATOR OF )
THE FEDERAL HIGHWAY )
ADMINISTRATION, MAINE DIVISION, and )
)
BRUCE VAN NOTE, COMMISSIONER OF )
THE MAINE DEPARTMENT OF )
TRANSPORTATION, )
)
     Defendants. )

## JOINT STATUS REPORT AND PROPOSALS OF THE PARTIES REGARDING SCHEDULING AND PROCEDURES FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.3, and in anticipation of the status conference scheduled for June 8, 2020, the parties submit the following joint status report, including separate proposals regarding a schedule and procedures to govern the parties' cross-motions for summary judgment.

On May 1, 2020, Defendants lodged the certified administrative record. *See* ECF 30. Subsequently, counsel for Plaintiffs communicated to counsel for Defendants that Plaintiffs would not file a motion challenging the record, and the parties commenced discussions regarding a

1

schedule and procedures for resolving the case based upon cross-motions for summary judgment. The parties discussed a tentative schedule for summary judgment briefing but could not agree upon whether the Court should apply Local Rules 56(b)-(d), which contemplate the filing of "statement[s] of material facts . . . as to which the moving party contends there is no genuine issue of material fact to be tried." *See* Local Rule 56(b). The parties' separate proposals and statements are set forth below.

**Statement and Proposal of Defendants**

Plaintiffs allege claims arising under the National Environmental Policy Act ("NEPA") and Section 4(f) of the Department of Transportation Act. Complaint (ECF 1) at ¶¶ 40-66. Such claims are reviewed under the waiver of sovereign immunity provided by the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, and are decided upon an administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 401, 410 (1971); *Airport Impact Relief, Inc. v. Wykle*, 192 F.3d 197, 203 (1st Cir. 1999). In a traditional APA case like this one, "the focal point for judicial review should be the administrative record," *see Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 48 (1st Cir. 2016) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)), and courts do not engage in *de novo* fact finding. For that reason, in Defendants' view, no proper purpose would be served by filing Local Rule 56 statements here.

In a *de novo* case in which there is not an administrative record, at the summary judgment stage the Court must resolve whether there are "genuine issues of material fact" to be tried, or whether the Court may resolve the case as matter of law. *See e.g.*, *Petitti v. New England Tel. & Tel. Co.*, 909 F.2d 28, 30 (1st Cir. 1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) ("the inquiry to determine whether there is a genuine issue as to a material fact is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one sided that one party must prevail as a matter of law.") But in an APA case, there are no disputes of fact to resolve, and the Court is presented with a purely legal question: whether the administrative record supports the challenged agency decisionmaking. *See Airport Impact Relief,* 192 F.3d at 203; *Protect Our Lakes v. United States Army Corps of Engr's*, No. 13-402, 2015 WL 732655 at * 2 (D. Me. Feb. 20, 2015) ("Because my review is limited to the administrative record, there are no genuine issues of material fact."); *Maine v. Norton*, 257 F. Supp. 2d 357, 363 (D. Me. 2003) ("A Statement of Material Facts 'as to which the moving party contends there is no genuine issue of material fact to be tried' serves limited purpose in cases brought pursuant to the APA because, as a general rule, all relevant facts are contained in the administrative record for such a case, and, as a result, there are no material facts in dispute."). The statements required by Local Rules 56(b)-(d) — default rules designed to aid the Court in the resolution of fact disputes — will not assist the Court in its legal determination on summary judgment here.

On the contrary, the submission of dueling "statements of material fact" in the case would require the parties to characterize the record, and would place before the Court a set of purported factual representations regarding the Federal Highway Administration's ("FHWA") decisionmaking that sits outside the actual body of evidence the agency relied upon to make its challenged decisions. At best, the requirement to submit statements of fact would waste the Court's and parties' resources and at worst could confuse the Court's legal analysis, which must be premised upon a review of the record itself. Defendants have filed electronically an indexed and hyperlinked administrative record that the Court may access easily by clicking on the Bates-labeled page numbers of the documents the parties cite in their briefs. There is no need for further submissions by the parties regarding the contents of the record.

Defendants are aware in that in prior APA cases before this Court, the Court dispensed with Local Rule 56(b)-(d) statements of fact for the very reasons Defendants articulate here. *See* Ex. 1 (*Friends of Animals et al. v. U.S. Fish and Wildlife Serv.*, No. 15-157, Order of Nov. 9, 2015 (D. Me.) at 4 ("the requirement for the filing of Statements of Material Facts is waived in this case insofar as the review of the administrative record will govern the Court's determination of the motions."); Ex. 2 (*Protect Our Lakes v. United States Army Corps of Engr's*, No. 13-402, Order of Feb. 24, 2014 (D. Me.) ("The Local Rule 56 requirement for a Statement of Undisputed Material Facts shall not apply in this case, as it will be reviewed on the administrative record."). Those Orders are consistent with the Local Rules of the United States District Court for the District of Vermont, which categorically exempt APA cases from its default requirement to file "statements of undisputed facts." *See* D. Vt. L.R. 56(a). And federal district courts throughout the United States routinely issue procedural orders that recognize the key differences in resolving summary judgment motions based upon an administrative record.

Defendants propose a schedule and procedures consistent with the proposed schedule in the *Friends of Animals* and *Protect our Lakes* cases as set forth below, and as set forth in the proposed order attached as Exhibit 3.

| **Event** | **Date** |
|---|---|
| Plaintiffs file a motion for summary judgment and a supporting memorandum not to exceed 30 pages: | **June 15, 2020** |
| Defendants file their cross-motions for summary judgment and memoranda not to exceed 40 pages supporting their cross-motions and opposing Plaintiffs' motion: | **July 24, 2020** |
| Plaintiffs file their opposition and reply memorandum not to exceed 20 pages: | **August 17, 2020** |
| Defendants file their reply memoranda | |

not to exceed 10 pages: **August 28, 2020**

Oral argument: **TBD (After August 28, 2020)**

**<u>Statement and Proposal of Plaintiffs</u>**

Plaintiffs agree that that this case is governed by the APA, and that the focus of judicial review is on the administrative record lodged with this Court. Plaintiffs also agree and ask that the page limits on initial summary judgment motions and oppositions be increased as proposed. However, Plaintiffs disagree with Defendants' request to waive the filing of a concise statement of material facts required by Local Rule 56(b). Plaintiffs also disagree with the Defendants' proposed schedule for briefing cross-motions for summary judgment, since that schedule may interfere with the goal of avoiding the need to seek an injunction. These disagreements are discussed below.

**<u>Proposed Waiver of Local Rule 56(b) Concise Statement of Material Facts.</u>**

Plaintiffs disagree with Defendants' proposal that this Court waive the requirement of Local Rule 56(b) that a motion for summary judgment be accompanied by a separate concise statement of materials facts. That the focal point of judicial review in this case is the administrative record already in existence does not obviate the need for and utility of this concise statement of material facts. The administrative record in this case contains 1.655 separate files and 38,861 pages, addressing a multitude of facts, only some of which are germane to Plaintiffs' legal challenge. Preparation of concise statements of material fact will allow this Court to focus on those factual matters and documents that each of the parties believes are directly relevant to the findings that are challenged in this case, and will aid the Court in understanding what portions of the administrative record support or contradict those contested findings.

5

Plaintiffs disagree that such statements are unnecessary in APA cases or potentially confusing to the Court. Notwithstanding the fact that the entire 38,861-page administrative record is available to the Court, the concise statement of material facts provides the parties' respective roadmaps to the relevant facts in this voluminous record. It is highly unlikely that these roadmaps could "confuse the Court's legal analysis," or somehow lead the court to stray outside of the record itself. Rather, as one Court explained: "[t]hese documents assist the Court by providing a digestible narrative of the events memorialized in the administrative record, which is often voluminous." *Wildwest Inst. v. Ashe*, 15 F. Supp. 3d 1057, 1074 (D. Mont. 2014). As another court explained in penalizing a plaintiff for failing to provide the required concise statement of material facts, "It should not be the court's burden to sift through the plaintiffs' brief and then scour the Administrative Record in an attempt to locate those portions referred to by the plaintiffs." *N. Crawfish Frog (Rana Areolata Circulosa) v. Fed. Highway Admin.*, 858 F. Supp. 1503, 1510 (D. Kan. 1994).

In each of the cases cited by Defendants as precedent for their request, the Local Rule 56(b) statement was waived because the parties voluntarily agreed to dispense with them. *See Friends of Animals, et al. v. U.S. Fish & Wildlife Serv.*, No. 15-157, Joint Status Report of Nov. 4, 2015 (D. Me.) at 5 ("The parties agree that the Local Rule 56 requirement for a Statement of Undisputed Material Facts shall not apply in this case, as it will be reviewed on the administrative record.") (attached as Ex. 4). Likewise, in *Protect Our Lakes v. United States Army Corps of Engr's*, No. 13-402, the waiver of the Local Rule was presented in a consent proposed Scheduling Order, dated Feb. 20, 2014, at p. 3, attached hereto as Exhibit 5. However, there are also many APA cases in this Court in which the parties have complied with local rules

requiring such statements without seeking a waiver. *See, e.g., Maine v. Norton*, 257 F. Supp. 2d 357, 363 (D. Me. 2003).

**Plaintiffs' Proposed Schedule.**

Plaintiffs also disagree with the proposed schedule for summary judgment proposed by Defendants, under which Defendants would give themselves 39 days to respond to Plaintiffs' motion for summary judgment and file their own motion, as opposed to the 21 days that would be permitted by the local rules. Plaintiffs have consistently advised Defendants of the need to develop a schedule that allows for the summary judgment briefing to be completed prior to September 2020, when Defendants intend to advertise for contracts for a new bridge to replace the historic Frank J. Wood Bridge, which would necessitate the filing by Plaintiffs of an emergency injunction motion.

Plaintiffs and Defendants had previously agreed to a schedule, under which Plaintiffs would file their motion for summary judgment on June 1, 2020, and Defendants would file their opposing motion and opposition on July 3, 2020, giving them 10 additional days beyond what the local rules would require. This schedule would have allowed summary judgment briefing to be completed on August 17, 2020. As a result of the dispute over the filing of the statement of material facts, Plaintiffs agreed to defer the filing of their summary judgment motion until after the June 8, 2020 status conference.

However, Defendants now propose further deferring Plaintiffs' initial summary judgment motion to June 15, 2020, and now give themselves 39 days to respond to Plaintiffs' motion. Summary judgment briefing would not be completed until August 28, 2020. As a result, under Defendants' proposed schedule, this Court may be asked to decide an expedited, emergency request for injunctive relief before the summary judgment briefing is completed.

7

No prejudice to Defendants will result if Plaintiffs' motion for summary judgment motion is filed on June 9, 2020, i.e., one day after the scheduled status conference. While Plaintiffs plan to include a concise statement of material facts in support of their summary judgment motion, their motion and memorandum of law will be able to stand on their own, and the Court and the Defendants can simply disregard or even strike Plaintiffs' statement if the Court decides to waive Local Rule 56(b) in this case. Indeed, the filing of Plaintiffs' statement of material facts may aid this Court in determining whether such a statement would be helpful in this case and/or may still be useful, even if this Court ultimately decides to waive the rule as a requirement.

Therefore, Plaintiff propose the following schedule:

| Event | Date |
|---|---|
| Plaintiffs file a motion for summary judgment, statement of material facts, and a supporting memorandum of law not to exceed 30 pages: | June 9, 2020 |
| Defendants file their cross-motion(s) for summary judgment, opposing statement of material facts, and memorandum of law not to exceed 40 pages supporting their cross-motion(s) and opposing Plaintiffs' motion: | July 9, 2020 |
| Plaintiffs file their memorandum in opposition to Defendants' cross-motion(s), and in reply to Defendants' oppositions, not to exceed 20 pages, along with an opposition-and-reply statement of material facts: | August 3, 2020 |
| Defendants file their reply memorandum not to exceed 10 pages: | August 25, 2020 |
| Oral argument: | to be set by the Court for a date after August 25, 2020 |
| Notice: Defendants shall provide at least two-weeks notice to Plaintiffs prior to advertising for contracts for the replacement bridge | |

Plaintiffs' proposed scheduling order is attached hereto as Exhibit 6.

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY

PRERAK SHAH
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Joshua P. Wilson
JOSHUA P. WILSON (DC 487829)
Senior Attorney
Natural Resources Section
PO Box 7611
Washington, DC 20044-7611
202-305-0482
Joshua.Wilson@usdoj.gov

AARON M. FREY
Attorney General

/s/ Thomas A. Knowlton
THOMAS A. KNOWLTON
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
Thomas.A.Knowlton@maine.gov
Attorney for Bruce Van Note, Commissioner of the
Maine Department of Transportation

/s/ James Billings

JAMES BILLINGS
Chief Counsel
Maine Department of Transportation
16 State House Station
Augusta, ME 04330
(207) 624-3000
James.Billings@maine.gov
Attorney for Bruce Van Note, Commissioner of the
Maine Department of Transportation

s/ Sean Mahoney
Sean Mahoney
Maine Bar No. 8661
Phelps Turner
Maine Bar No. 5945
Conservation Law Foundation
53 Exchange Street, Suite 200
Portland, ME 04101
(207) 210-6439
smahoney@clf.org
pturner@clf.org

/s/ Andrea Ferster
Andrea C. Ferster
Attorney at Law
2l2l Ward Court, N.W. 5th Fl.
Washington, D.C. 20037
(202) 974-5142
aferster@railstotrails.org

/s/ Elizabeth Merritt
Elizabeth S. Merritt
Deputy General Counsel
National Trust for Historic Preservation
2600 Virginia Ave. NW, Suite 1100
Washington, D.C. 20037
(202) 297-4133
emerritt@savingplaces.org

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

       I, Joshua P. Wilson, hereby certify that on June 2, 2020, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants as identified in the CM/ECF electronic filing system for this matter.

Dated: June 2, 2020                    /s/ Joshua P. Wilson
                                              JOSHUA P. WILSON
                                              Senior Attorney
                                              Natural Resources Section
                                              Environment and Natural Resources Division
                                              United States Department of Justice
                                              Washington, D.C.