## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| FRIENDS OF THE FRANK J. WOOD BRIDGE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PETE BUTTIGIEG, SECRETARY OF )<br>THE U.S. DEPARTMENT OF )<br>TRANSPORTATION, et al., )<br>)<br>Defendants. ) | No. 2:19-cv-408-LEW |

### ORDER ON MOTION FOR ATTORNEYS' FEES

The matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 56). Through their Motion, plaintiffs request an award against the federal defendants under the Equal Access to Justice Act, 28 U.S.C. § 2412. For reasons that follow, the Motion is granted but the award is less than requested.

### BACKGROUND

At its core, this litigation involved a controversy related to the Federal Highway Administration's project approval and oversight process for federal highway aid under 23 U.S.C. § 106, and conditions placed on such approval when the project proposes to use a historic site – i.e., conditions imposed not only under the Federal-Aid Highways Act, 23 U.S.C. § 138(a), but also the Department of Transportation Act ("DOT Act"), 49 U.S.C. § 303(c), and the National Historic Preservation Act ("NHPA"), 54 U.S.C. § 306108. The

litigation also raised a second controversy associated with the procedural rights set out in the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4331 *et seq*.

As to the core litigation effort—overturning the administrative decision that rehabilitation of the Frank J. Wood Bridge would entail costs of extraordinary magnitude—plaintiffs met with some success. Specifically, the First Circuit disagreed with my evaluation that the administrative decision was reasoned and supported by substantial evidence in the form of substantial service life cost discrepancies, and instead reasoned that a discounted life-cycle cost analysis is so well established when it comes to transportation planning that it was error for Defendants to merely calculate discounted life-cycle costs without commenting on whether the results reflected an extraordinary cost differential. While the First Circuit did not rule out the possibility that Defendants might be able to substantiate an extraordinary cost finding based exclusively on service life costs, the Court expressed misgivings about that approach given the absence of supporting regulations or other commentary—presumably expert commentary—in the record. *Historic Bridge Found. v. Buttigieg*, 22 F.4th 275, 285-86 (1st Cir. 2022). In conclusion, the First Circuit directed a remand "for the strictly limited purpose of allowing the agency to further justify use of the service-life analysis and/or to decide whether a 53% [discounted life-cycle] price differential represents a cost of an extraordinary magnitude." *Id.* at 286.

As to the secondary, NEPA-procedural controversy, however, plaintiffs' litigation efforts were not successful. Plaintiffs sought an order that would compel the federal defendants to produce an environmental impact statement, but the limited relief they achieved on their core claim does not require an environmental impact statement on

2

remand. Although the NEPA controversy was one of two counts set out in the complaint, the litigation effort associated with it was not especially laborious or costly and likely accounted for a relatively modest share of attorney and expert litigation effort.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") authorizes a district court to award attorneys' fees and costs to a prevailing party in a civil action against the United States, unless the court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The burden of demonstrating substantial justification or special circumstances lies with the United States, and the United States must make its showing by preponderance of the evidence. *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014); *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001). "The mere fact that the government does not prevail is not dispositive on the issue of substantial justification"—neither is the fact that the government "succeeded at some stage of the litigation." *Schock*, 254 F.3d at 5.

Assuming the United States does not carry its burden on substantial justification, it may still be relieved of the burden of paying fees and costs associated with unproductive effort, meaning attorney and expert effort devoted to matters upon which the opposing party did not prevail or which did not contribute to the opposing party's prevailing-party status. *McDonald v. Sec'y of Health & Human Services*, 884 F.2d 1468, 1480 (1st Cir. 1989) ("The district court could have—and should have—equitably reduced the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's reasonable position."). *See also Hensley*

*v. Eckerhart*, 461 U.S. 424, 436–37 (1983) ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

### A. Substantial Justification

The federal defendants argue that their position was substantially justified. They observe that they won on almost every issue raised by plaintiffs and that as to the ultimate issue—the extraordinary cost question—the First Circuit merely invited them to make an extraordinary cost finding on remand based on the life-cycle methodology that discounts future costs to present dollar values. Federal Defendants' Opp'n 1-2, 8-9, 12-14.

I am not persuaded that the federal defendants were substantially justified on every issue. Given the First Circuit's holding, I find that Defendants' position on the core extraordinary cost issue was not substantially justified. After all, the First Circuit directed the remand because the administrative decision was not adequately justified. I find it hard to see how an administrative decision that was inadequately justified could be substantially justified. "A position of the United States is substantially justified if … the position has a 'reasonable basis both in law and fact.'" *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (some internal quotation marks omitted) (quoting *Pierce v Underwood*, 487 U.S. 552, 565 (1988)). A decision that is inadequately justified is not substantially justified as a matter of law. And the fact that the federal defendants could still reach the same result following remand does not compel a contrary conclusion. It is common in administrative cases for a court to find an administrative decision not substantially justified for lack of an

4

adequate explanation, even though an order of remand permits the agency to reach the same result in the wake of further proceedings.

### B. Non-Prevailing Effort

The federal defendants argue that plaintiffs' failure to prevail on one count of a two-count complaint warrants a reduction of any award by "at least one-half." Federal Defendants' Opp'n 15. They also contend that plaintiffs' limited success on the core claim, including several unwarranted line-item cost challenges, calls for an even steeper discount, and that plaintiffs' decision to devote several hours to a summary judgment statement of material facts should not be compensated given that the case involved judicial review of an administrative record. *Id.* 15-18.

In reply, plaintiffs argue that discounting is not called for because their two counts "rel[ied] on a common core of facts relating to errors in the cost estimates," and "[t]hus, the NEPA [count is] inextricably intertwined with the overall challenge to costs." Plaintiffs' Reply 6-7. They also argue that the time spent preparing a statement of material facts resulted in briefing efficiency and dovetailed with the otherwise necessary record-review process. *Id.* 7. *See also* Supp. Decl. of Andrea Ferster.  Counsel avers that the EAJA hourly rate already provides a discount in relation to the actual value of counsel's contributions, and that counsel's approach to billing time has been conservative. Decl. of Elizabeth Merritt ¶¶ 7-8. Although plaintiffs have not petitioned for an enhanced hourly rate, I have taken counsel's representations into account.

After reviewing counsel's fee affidavits and billing records and carefully considering the parties' respective arguments, I agree with the federal defendants that a

5

discount is warranted. However, I do not believe a discount of fifty percent or more is warranted, as Plaintiffs appear to have devoted substantially more work to their successful claim than their unsuccessful claim. Neither party has proposed a suitable fractional discount between full compensation or half compensation, and Plaintiffs' affidavits and billing records do not provide a ready means of carving off unproductive effort related to the NEPA count or unproductive costs challenges. Based on the evidence and arguments and my own gestalt assessment of the litigation as a whole, the requested award will be equitably reduced by thirty percent.

## Conclusion

Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED. Exclusively as against the federal defendants, Plaintiffs are awarded attorneys' fees in the amount of $68,640.60, and costs and expert fees in the amount of $15,314.60.

Dated this 17th day of June, 2022.

    /s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE